# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 mj 18

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NICHOLAS CHASE JACKSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on November 4, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, Tom Kent, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations two and four as contained in the violation report that had been filed on November 4, 2010. The Government introduced, without objection, the violation report into evidence.

The defendant was charged in a bill of information filed on April 13, 2010 with one count of procuring something of value by using counterfeit United States currency in violation of 18 USC § 491(a). This offense is a misdemeanor. A hearing was held in regard to the detention of defendant on April 22, 2010. On that date, the undersigned entered an order releasing defendant on a $25,000 unsecured bond. The undersigned further sets conditions of release which included the following:

    (8)(a) Defendant report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

    (8)(u) Report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

At the hearing which took place on November 8, 2010, defendant admitted he had violated the condition of release which required him to report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate in that defendant failed to report for scheduled drug test on June 30, 2010 and August 6, 2010. Defendant also admitted he violated the condition of release which required him to report as soon as possible to the Office of Probation and Pretrial Services any contact he had with any law enforcement personnel, included but not limited to, any arrest, questioning, or traffic stop, in that

2

on October 28, 2010 defendant failed to report that he had been arrested earlier that morning for the crime of driving while impaired.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>	(1)	finds that there is----
>		(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>		(B) clear and convincing evidence that the person has violated any other condition of release; and
>	(2)	finds that ---
>		(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>		(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>	If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence the defendant has violated the condition of release that required him to report to the Office of Probation and Pretrial Services to the extent and in the manner that agency determines to be appropriate due to his failure to report for scheduled drug test on June 30, 2010 and August 6, 2010. Defendant also violated the term and condition

3

of release that required he report as soon as possible to the Office of Probation and Pretrial Services any contact he had with any law enforcement personnel, including but not limited to, any arrest, questioning or traffic stop.

Due to the findings made above, it appears there is no condition or combination of conditions of release that would assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: November 10, 2010

Dennis L. Howell
United States Magistrate Judge